IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JAMES PACE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL ACTION NO 05-152-KD-C |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| OF BOSTON, a corporation, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This matter is before the court on plaintiff's statement of appeal of Magistrate Judge William E. Cassady's order entered July 19, 2005 (Docs. 24, 25) and defendant's response (Doc. 33). Plaintiff contends that Magistrate Judge Cassady erred in denying the motion to enlarge the scope of discovery and in striking the sworn statement of Arthur DuMont, M.D. Specifically, plaintiff has offered the statement of Dr. DuMont in order to refute the findings of the plan administrator's medical experts that plaintiff had not provided evidence of disability. Defendant responds that Dr. DuMont's statement is not relevant to the issue before the court, which is whether the administrator's decision was arbitrary and capricious based on the facts known at the time the decision was made.

The general rule in this circuit is that a district court's review of denial of benefits is limited to what was before the plan administrator at the time the decision was made. See Jett v. Blue Cross and Blue Shield of Ala., 890 F. 2d 1137, 1139 (11th Cir. 1989) (stating that under the arbitrary and capricious standard of review "the function of the court is to determine whether there was a reasonable basis for the decision, based upon the facts known to the administrator at

the time the decision was made."); Lee v. Blue Cross and Blue Shield of Ala., 10 F. 3d 1547, 1550 (11th Cir. 1994) ("Application of the arbitrary and capricious standard requires us to look only to the facts known to the administrator at the time the decision was made to deny [plaintiff] coverage.")   However, in some instances, not applicable to this case, trial courts have recognized exceptions to this general rule.  For instance, discovery has been permitted beyond the administrative record when it is relevant to 1) examining whether an administrator fulfilled his or her fiduciary duties, (2) whether proper procedures were followed in compiling the record, (3) whether the record is complete, and (4) whether the administrator had a conflict of interest. Lake v. Hartford Life and Acc. Ins. Co., 218 F.R.D. 260 (M.D. Fla., 2003).[1]   However, discovery and admission of evidence that would supplement the administrative record on issues of fact previously determined by the administrator are not permitted.  Richard v. Hartford Life and Acc. Ins., Co., 356 F. Supp. 2d 1278, 1288 (S.D. Fla. 2004).

     Dr. DuMont's statement is clearly an attempt to refute the opinion of the medical expert's who determined that plaintiff's evidence did not support a disability finding.  Therefore, because the statement directly goes to an issue of fact previously determined by the administrator, it would not be permitted as evidence on the issues before this court.

     The Local Rules set forth the scope of review of a magistrate judge's decision and states that the "district judge shall modify, set aside, or remand to the magistrate judge any nondispositive order or portion thereof found to be clearly erroneous or contrary to law." See LR 72.3(e).  The court has reviewed Magistrate Judge Cassady's order, the underlying motions and

---

[1] Plaintiff relies upon Shipp v. Provident Life & Accident Ins. Co., 214 F. Supp 2d 1241 (M.D. Ala, 2002).  However, even should the court adopt the Shipp rationale (evidence beyond the administrative record is proper under a "heightened arbitrary and capricious" standard when the issue relates to "whether a technique or mode of analysis was properly applied"), it would not be applicable in this case.  In Shipp, the court specifically stated that the evidence was not offered to establish a historical fact, i.e., that plaintiff was in fact disabled, rather the expert evidence was offered to show that the analysis by the administrator was flawed because the insured's prior occupation was mis-characterized by the administrator's vocational expert.

responses, and plaintiff's statement of appeal and response, and finds that Magistrate Judge Cassady's decision denying the motion to enlarge discovery and striking the statement of Dr. DuMont is not clearly erroneous or contrary to law.  Accordingly, plaintiff's appeal (Doc. 25) as to this matter is **DENIED**.

**DONE** this the 18th day of January, 2006.

 **s/ Kristi K. DuBose**
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**